José Rullán Mayol, Plaintiff and Appellant, *v.* Secretary of the Treasury, Defendant and Appellee.

No. 10973.  Argued February 1, 1955.—Decided June 30, 1955.

*J. J. Ortiz Alibrán* for appellant. *José Trías Monge, Attorney General,* and *José A. García Malpica, Assistant Attorney General,* for appellee.

## JUDGMENT

The judgment appealed from, rendered by the San Juan Part of the Superior Court in above-entitled case, on February 20, 1953, is affirmed.

It was so decreed and ordered by the Court as witness the signature of the Chief Justice. Mr. Justice Belaval concurs in the result in a separate opinion.

A. C. SNYDER,
Chief Justice

I attest:

IGNACIO RIVERA,
Secretary

MR. JUSTICE BELAVAL, concurring.

On June 23, 1952, the Secretary of the Treasury notified José Rullán Mayol of an administrative decision levying a certain property tax. Under § 2 of Act No. 1 of September 27, 1951 (Sp. Sess. Laws, p. 92), the taxpayer had 180 days to appeal from the decision to the former Tax Court of Puerto Rico. Those 180 days would expire on December 20, 1952, which fell on a Saturday. Saturday was a working day under Administrative Bulletin No. 26 of December 15, 1952, issued by the Governor of Puerto Rico to reorganize the working periods during Christmas, 1952 and during the festivities of the inauguration of the new governor-elect, designating as rest days from noon of December 24 to Thursday , December 25, and from Thursday, January 1, to Tuesday, January 6, and ordering that work be performed the whole day on Saturday, December 20 and 27, 1952. In the belief that Saturday, December 20, 1952, was a non-working day, the taxpayer, instead of filing his appeal on that day, which was the last day of the term to appeal, filed it the following Monday, December 22, 1952. The Secretary of the Treasury moved for dismissal on the ground that the appeal was belated, and the trial court rendered judgment ruling that it was untimely filed. The taxpayer appealed from the judgment assigning as the only error the fact that the trial court refused jurisdiction on the ground that the appeal was belated.

Section 387 of the Political Code of Puerto Rico of March 1, 1902 provides: "Holidays, *within the meaning of this Code,* are every Sunday, the first day of January, the twenty-second day of February, the twenty-second day of March, Good Friday, the thirtieth day of May, the fourth day of July, the twenty-fifth day of July, the first Monday of September, to be known as Labor Day, the twenty-fifth day of December, every day on which an election is held throughout the island and *every day appointed* by the President of the United States, *by the Governor of Porto Rico* or by the Legislative Assembly, for a public feast, Thanksgiving, or *holiday.* When any such day falls upon a Sunday, the Monday following is a holiday."

Sections 10 and 11 of the Code of Civil Procedure of Puerto Rico of March 10, 1904, provide: 10.—"The courts of justice may be held and judicial business be transacted on any day, except as provided in the next section;" 11.—"No court can be opened, nor can any judicial business be transacted on Sunday, on the first day of January, on the fourth day of July, on Christmas or Thanksgiving day, or on a day on which the general election is held, except for the following reasons: 1.—To give, upon their request, instructions to a jury when deliberating on their verdict; 2.—To receive a verdict, or discharge a jury; 3.—For the exercise of the powers of a magistrate in a criminal action, or in a proceeding of a criminal nature; *Provided,* that in civil causes orders of arrest may be made and executed; writs of attachment, executions, injunctions and writs of prohibition may be issued and served; proceedings to recover possession of personal property may be had; and suits for obtaining any such writs and proceedings may be instituted on any day."

It will be seen that the Legislative Assembly of Puerto Rico understood at the outset that the executive and judicial departments should not be unified as respects the closing of their official business because of certain characteristics of

their functions, there being a separate statute and a different practice for politico-administrative matters and a separate statute and a different practice for judicial matters. Courts remained closed on certain days except for the transaction of business of a special nature, which could be performed on any day.

Section 9 of Act No. 88 of May 11, 1931 (Sess. Laws, p. 534), creating the Civil Service Commission of Puerto Rico, provided: "The Civil Service Commission shall promulgate rules for the administration of this Act, which rules when approved by the Governor, shall be promulgated and shall have the force and effect of law, provided they are not in conflict herewith." Rule XLIX, promulgated on this authority and which became effective on May 11, 1942, provided: "It shall be the duty of the head of every department and of other public services of the Insular Government of Puerto Rico to require all employees, of any rank or class, in the different departments and offices, to work not less than seven and one-half hours a day, without excluding lunch time, and excluding *Saturdays*, Sundays, holidays, and leaves of absence granted under Rule XXXIX. However, the head of any department or other public service of the Insular Government of Puerto Rico may increase the working hours herein required for any or all employees of his office whenever in his opinion the needs of the public service in the office under his direction warrant such an increase."

It was on the authority of that order that Saturday was made a holiday for all employees, of any rank or class, in the different departments and "other public services of the Insular Government." Now then, were the officers and employees of the judicial branch included in the order? It is altogether clear that they were not. In the first place, § 4(i) of Act No. 88 of May 11, 1931, expressly excluded from the Civil Service "all officers of the judicial service not otherwise included in the Unclassified Service." This exclusion referred to "all officers appointed by the Governor

by and with the advice and consent of the Senate," who were also excluded by § 4(b). Secondly, since the officers appointed by the Governor by and with the advice and consent of the Senate are the judges, prosecuting attorneys, secretaries, and marshals, who are excluded under subd. (b), the remaining judicial officers were likewise excluded under subd. (i). In the third place, by § 5 of Act No. 88 of May 11, 1931, the provisions of this Act and "the rules in pursuance hereof" were applicable to officers in the Classified Civil Service, which comprised "all officers and employees of the Insular Government of Porto Rico not specifically included in § 4 hereof." In the fourth place, the officers and employees not appointed by the Governor by and with the advice of the Senate were appointed either by the corresponding judicial officers or by the Attorney General of Puerto Rico, upon recommendation of the proper judicial officers; their functions were not classified pursuant to § 13 of Act No. 88 of May 11, 1931; their names were not included in the employment lists, and their appointments were not included in the list of eligibles under § 22. In the fifth place, referring exclusively to the judicial body concerned, under §§ 6 and 13 of Act No. 212 of March 26, 1946 (Sess. Laws, p. 394), creating the Tribunal of the Judicial District of San Juan, the judges, secretaries, and marshals of the Tribunal were appointed by the Governor by and with the advice of the Senate. With the approval of the Attorney General and a majority of the judges, the secretaries and marshals appointed the senior deputy secretaries, the junior deputy secretaries, the senior deputy marshals, and the junior deputy marshals. The file clerk and the two assistant file clerks were appointed by the secretary with the approval of the Attorney General and of the majority of the judges. The court stenographers, probation officers, social workers, clerks, stenographers for the office of the secretary, janitors, and messengers were appointed directly by a majority of the judges. Each judge and prosecuting attorney appointed

his private stenographer. The prosecuting attorneys appointed the stenographers for the assistants. The clerk for the probation officer of the Juvenile Court was appointed by the latter with the approval of the Attorney General. None of these appointments was subject to the Classified Civil Service. In the sixth place, under § 1 of Act No. 172 of May 13, 1941 (Sess. Laws, p. 1038), creating the **Court of Tax Appeals** of Puerto Rico, as amended by Act No. 169 of May 15, 1943 (Sess. Laws, p. 600), the members of the court, the secretary, and the marshal were appointed by the Governor by and with the advice of the Senate, and the court, on its own account, appointed "all those subordinate employees who may be necessary for its best operation." None of those appointments was subject to the Classified Civil Service.

Act No. 345 of May 12, 1947 (Sess. Laws, p. 594), as amended, creating the Office of Personnel, is the first legislative attempt to unify all officers and employees of the executive and judicial branches in a central civil-service system. In the definition of "Insular Service" or "Insular Government," § 2 (4) provides that it "shall include all the offices and positions in the service of The People of Puerto Rico, as well as offices and positions in public corporations which are instrumentalities of The People of Puerto Rico, and shall include the following groups of offices or positions: (*a*) Service exempt, (*b*) Non-competitive service, (*c*) Competitive service." Section 2 (5) defines appointing authority as "any officer or agency with legal power to make appointments to positions in the Insular Service." As to the former Tribunals of the Judicial District of San Juan and the Court of Tax Appeals of Puerto Rico, the appointing authority continued generally to be the same until the enactment of Act No. 432 of May 15, 1950 (Sess. Laws, p. 1126), establishing the Organic Act of the Judiciary of Puerto Rico, §§ 7, 20, and 31 of which made the following changes in the *appointing authority:* The Governor of Puerto Rico, by

and with the advice of the Senate, was the appointing authority for the justices of the peace, municipal judges, municipal judges at large, district judges, district judges at large, secretaries, marshals, prosecuting attorneys, assistant prosecuting attorneys, special prosecuting attorneys at large, and the probation officer for the Minors' Guardianship Court; the Attorney General of Puerto Rico was the *appointing authority* for all the other personnel provided by law for those courts. The offices of deputy secretaries and deputy marshals were included in the Noncompetitive Service, and the deputy secretaries at large were not subject to the Personnel Act.

This was the situation prevailing in 1952, when the Constitution of the Commonwealth of Puerto Rico was adopted and Act No. 11 of July 24, 1952 (Sp. Sess. Laws, p. 30) —"the Judiciary Act of the Commonwealth of Puerto Rico" —was enacted. Harmonizing the provisions of § 8 of Act No. 345 of May 12, 1947, creating the Office of Personnel, as amended by Act No. 30 of June 8, 1948 (Sp. Sess. Laws, p. 82), Act No. 323 of May 13, 1949 (Sess. Laws, p. 972), Act No. 391 of May 11, 1950 (Sess. Laws, p. 930), Act No. 13 of March 7, 1951 (Sess. Laws, p. 30), and Act No. 12 of July 24, 1952 (Sp. Sess. Laws, p. 58), with the provisions of § 3 of Act No. 11 of July 24, 1952, enacting the "Judiciary Act of the Commonwealth of Puerto Rico," the judges, prosecuting attorneys, secretaries, marshals, and public defenders are included in the Exempt Service; the secretaries to the judges, assistants to the secretaries, and assistants to the marshals are in the Non-competitive Service; and "all other necessary personnel of the Court" are in the Competitive Service. The "appointing authority" for judges (§ § 12, 17, 21) is the Governor of Puerto Rico; for secretaries and deputy secretaries (§ 3), the Chief Justice of the Supreme Court; for marshals (§ 3), the Governor of Puerto Rico; for deputy marshals (§ 3), the marshals themselves; and for "all other necessary personnel of the Court" (§ 3), the Chief Justice of the Supreme Court.

Let us now see what the situation is as to the working days for the transaction of business by the courts. Section 40 of Act No. 345 of May 12, 1947, creating the Office of Personnel, as subsequently amended, expressly repealed Act No. 88 of May 11, 1931, which created the Civil Service Commission of Puerto Rico. Furthermore, the Office of Personnel Act, as amended by Act No. 23 of June 7, 1948 (Sp. Sess. Laws, p. 70), provides in § 28 that "The rules shall provide for the hours of work, *holidays*, attendance regulations and leaves of absence and sick leaves, as well as special leaves for a just cause, with or without pay, as the case may be." Section 7(*a*) provides: "The Board, upon recommendation of the Director and the holding of a public hearing, shall prescribe rules not in conflict herewith, for the enforcement of this Act, which rules, upon their approval by the Governor, shall be promulgated and shall have the force of law. For the adoption of such rules, the Director shall, within a period of three (3) months from the effective date of this Act, formulate a draft thereof which he shall submit to the Board. Within the following sixty (60) days, the Board shall hold a public hearing, after which the same may approve, modify, or reject the proposed rules submitted by the Director; and shall adopt such rules as it may consider necessary to carry out the provisions of this Act. Rules so adopted shall be submitted to the Governor for final approval and promulgation. *The rules approved by the Civil Service Commission* pursuant to the provisions of Act No. 88, approved May 11, 1931, as subsequently amended, *shall remain in force* as to everything not in conflict herewith, *until the promulgation of the rules which shall be adopted in harmony with the provisions of this Act.*" (Italics ours.)

The new personnel rules were promulgated on September 9, 1952, as a result of which the former Civil Service Rule XLIX, according to which Saturday was supposedly a

holiday for the judicial branch, was set aside. Subdivisions 1 and 3 of the new Rule 8 provide: 1.—Hours of work: "The basic work week for the employees in the competitive and noncompetitive services shall be not less than 37-½ hours nor more than 48 hours worked on 5 or 6 days. The daily tour of duty shall not exceed 8 hours. *Each appointing authority shall, within the above limitations,* establish the work week and the daily tour of duty for employees in his agency. Likewise, *each appointing authority shall adopt the necessary rules* to keep the daily attendance record in keeping with the tours established and shall notify the Director of such rules;" 3.—holidays: "the following days *and such other days as may, through proclamation of the Governor, be declared to be holidays,* are hereby designated as legal holidays for the *employees of the competitive and noncompetitive services:*

| | | |
|---|---|---|
| 1. January 1 | | New Year's Day |
| 2. January 6 | | Three Kings' Day |
| 3. January 11 | | Eugenio M. de Hostos Birthday |
| 4. February 22 | | Washington's Birthday |
| 5. March 22 | | Abolition Day |
| 6. Movable | | Good Friday |
| 7. April 16 | | José de Diego's Birthday |
| 8. May 30 | | Memorial Day |
| 9. July 4 | | Independence Day |
| 10. July 17 | | Luis Muñoz Rivera's Birthday |
| 11. July 25 | | Constitution Day |
| 12. July 27 | | José Celso Barbosa's Birthday |
| 13. September (First Monday) | | Labor Day, Santiago Iglesias' Birthday |

| | |
|---|---|
| 14. October 12 | Columbus Day |
| 15. Movable | Election Day |
| 16. November 11 | Armistice Day |
| 17. November 19 | Discovery Day |
| 18. November (Fourth Thursday) | Thanksgiving Day |
| 19. December 25 | Christmas Day |

Holidays coinciding on Sundays shall be observed the following day. Nothing herein provided in this Rule shall apply to those employees who, by the special nature of their services, are required *to work Sundays or holidays.*"

The new personnel rules reserve to the Governor of Puerto Rico the power to make any day a holiday; Sunday is considered as a day of rest and Saturday is eliminated as a rest day. The distribution of work, within a weekly period of not less than 37-½ hours nor greater than 48, rests within the discretion of the appointing authority.

In order to meet plaintiff-appellant's objection to the effect that in everything concerning working hours and holidays the regulation of the courts, after adoption of our Constitution, is wholly independent of the regulations adopted for the executive branch of the government, we are compelled to examine the question. When the Constituent Convention of Puerto Rico was held, the Civil Service system comprised in Act No. 345 of May 12, 1947, as subsequently amended, had already been adopted. The proceedings of the Constituent Convention of Puerto Rico, p. 232, contain no parliamentary debate on the adoption of § 7 of Art. V of our Constitution. In adopting this Section, the Constituent Convention followed the report of the judicial Branch Committee, an extract of the pertinent parts of which reads as follows: "Section 9.—*The Supreme Court shall adopt rules for the administration of the courts of justice of Puerto Rico. Such rules shall be subject to the laws concerning personnel, audit and appropriation of funds, procurement, and other related laws which apply generally to all branches of the*

*government. The Chief Justice shall direct the administra-*
*tion of all the courts, and shall appoint an administrative*
*director who shall hold office at the will of the Chief Justice.*
It is recommended that the power to administer the courts
of justice of Puerto Rico *which is at present vested in the*
*Attorney General* be transferred to the Supreme Court.
The Committee is of the opinion that the provisions of this
Section afford fundamental guarantees of the independence
of the judicial power. The executive branch should not
interfere with a function which is clearly of a judicial
nature. The Committee wishes to make it clear that the
term 'administration,' employed in this Section, comprises,
without excluding other similar and cognate functions, the
following: (1) To compile statistics and prepare reports;
(2) to rent premises, purchase and furnish equipment and
services; (3) to grant leaves of absence and vacations to
officers and employees; (4) to investigate complaints and
prefer charges before the competent authority against
officers and employees; (5) to authorize the disbursements
by law provided and to examine the accounts of all the
courts; (6) to designate and transfer judges; (7) to adopt
regulations for the different courts; (8) to supervise the
courts. *Nothing herein contained shall be deemed to limit*
*the application of the laws concerning personnel, audit and*
*appropriation of funds, procurement, and other cognate laws*
*which apply generally to all branches of the government.*
It has been deemed advisable to designate the Chief Justice
as the person in charge of the administration of the courts,
and he is authorized to appoint an administrative director
who shall hold office at the will of the Chief Justice."

It will be seen that the rule-making power vested in the
Supreme Court by our Constitution is subject *"to the laws*
*concerning procurement, personnel, audit and appropriation*
*of funds, and other laws which apply generally to all branches*
*of the government."* Our Constitution did not, therefore,
recognize the traditional power of this Court to regulate,

independently of other branches of the government, the judicial system as respects working or nonworking days. Neither did § 2 of Act No. 11 of July 24, 1952, known as the Judiciary Act of the Commonwealth of Puerto Rico, recognize it. Personnel Rule 8(2) empowers the Chief Justice, in all cases in which he is the *appointing authority* of judicial employees who are classified in the Noncompetitive and Competitive Service, to determine the duration of the work week and the daily working hours, provided they are comprised in the minimum of 37-½ hours and the maximum of 48 hours. Subdivision 2 also empowers him to grant compensatory leaves of absence whenever the needs of the service require any employee of the judicial branch to work more than 48 hours a week or 8 hours a day, or on holidays.

Under the provisions of § 387 of the Political Code of Puerto Rico of 1902 as well as under subd. 3 of Personnel Rule 8, promulgated on September 9, 1952, on the authority vested by § 7(a) of Act No. 345 of May 12, 1947, as amended, creating the Office of Personnel, the Governor of Puerto Rico may designate any official working day as a holiday. Such declaration shall be compulsory for the executive as well as for the judicial branch of the Government of Puerto Rico, with the consequent interruption of the official business, except in those instances where the nature of the public services requires that the work be continued. However, appellant's main contention is that since Saturday was designated as a day of rest and no judicial business could therefore be transacted, the Governor of Puerto Rico was without authority on December 15, 1952, to make it a working day. We have commented at length on the previous applicable legislation in order to properly meet this argument.

True, the Governor of Puerto Rico is the appointing authority and could therefore reorganize the work week, as to certain judicial officers, under Personnel Rule 8, but it

is also true that those judicial officers are in the Exempt Service under § 8(a) of Act No. 345, creating the Office of Personnel. Therefore, Personnel Rule 8 would not apply to judicial officers for whom the Governor is the appointing authority. This being so, it may be safely concluded that the Governor of Puerto Rico is without authority, as to such judicial officers, to designate as a working day a nonworking designated as such by the Legislative Assembly of Puerto Rico or by the judicial regulations adopted under the authority of the Constitution of the Commonwealth of Puerto Rico, or by the other appointing authority for the judicial branch, who is the Chief Justice of the Supreme Court of Puerto Rico.

Though the Governor of Puerto Rico may have no authority to make Saturday a working day for the judicial branch, we must also determine whether Saturday has been expressly made a nonworking day by some mandatory legal provision. Neither § 387 of the Political Code of 1902 nor §§ 10 and 11 of the Code of Civil Procedure of 1904 made Saturday a nonworking day for the transaction of judicial business. It is true that the old Rule XLIX of the Civil Service Commission, which took effect on May 11, 1942, made it a nonworking day for the transaction of any public business. But it is no less true that the officers and employees of the judicial branch were never comprised in the Classified Civil Service, and continued to be governed, as to holidays, by the provisions of § 387 of the Political Code of 1902, and as to work days, by the regulations of the courts themselves, in the light of the permissive or restrictive provisions of §§ 10 and 11 of the Code of Civil Procedure of 1904. So much so that while Civil Service Rule XLIX was in force the Supreme Court of Puerto Rico promulgated on September 1, 1943, Rule 77 of the Rules of Civil Procedure for the Courts of Puerto Rico, an extract of the pertinent parts of which provides: "(a) *Courts Always Open.*—The courts shall be deemed always open for the purpose of filing any pleading

or other proper paper, of issuing and returning mesne and final process, and of making and directing all interlocutory motions, orders, and rules . . . (c) The clerk's office with the clerk or a deputy in attendance shall be open during business hours on all days *except Sundays and legal holidays* . . ." This in part is in harmony with the provisions of § 10 of the Code of Civil Procedure of 1904 and of § 387 of the Political Code of Puerto Rico of 1902. On the same day it promulgated Rule 6 of the Rules of Civil Procedure for the Courts of Puerto Rico, which provides, as to judicial periods of time, that: "In computing any period of time prescribed or allowed by these rules, by order of court, or by any applicable statute, the day of the act, event, or default after which the designated period of time begins to run is not to be included. The last day of the period so computed is to be included, *unless it is a Sunday or a legal holiday*, in which event the period runs until the end of the next day *which is neither a Sunday nor a holiday* . . ." This is consonant with the related provisions of § 387 of the Political Code of Puerto Rico of 1902.

But even assuming that Civil Service Rule XLIX, which made Saturday a nonworking day for the transaction of official business, were applicable to the judicial branch, that rule ceased to be in force on September 9, 1952, when the new Personnel Rules became effective. Rule 8(1) of the latter provides that the basic work week for the employees in the Competitive and Noncompetitive Services shall be up to 48 hours worked on 5 or 6 days. Saturday is therefore included among the possible work days. Subdivision 3 of that rule, after designating the legal holidays, including others which by proclamation of the Governor may be made holidays, provides: "Holidays *coinciding on Sundays*" (set apart as a day of rest by § 28 of Act No. 345 of May 12, 1947, as amended by Act No. 23 of June 7, 1948), shall be observed the following day. Evidently, Saturday is excluded from the holidays or rest days.

This being so, we feel constrained to conclude that, although the Governor of Puerto Rico was without power to promulgate the Administrative Bulletin of December 15, 1952, making Saturday, December 20, 1952, a work day, that day was a work day under the legal provisions in force on December 20, 1952. We admit that our previous holding in *Buscaglia* v. *Tax Court*, 67 P.R.R. 26, 27 (Travieso) (1947), and *Sosa* v. *District Court*, 70 P.R.R. 59, 61 (Snyder) (1949), which parted from the premise that Civil Service Rule XLIX was applicable to the judicial branch when the fact is that that rule was never applicable to our branch, might have created certain confusion as to whether Saturday is a nonworking day. Though this may have been and may be the practice, in the absence of a clear and express statutory provision a day which has been designated as a work day by our politico-administrative legislation as well as by our Rules of Civil Procedure, cannot be declared a nonworking day. Furthermore, no judicial notice could be taken of a practice where the period involved is a fatal period which can be neither shortened nor extended in the discretion of the court. Judicial discretion may never be invoked to set aside a judicial period on which rests the jurisdiction of a court.

The judgment appealed from should be affirmed.